**Below is the Order of the Court.**

*Mary Jo Heston*
_____
**Mary Jo Heston
U.S. Bankruptcy Judge**
(Dated as of Entered on Docket date above)

_____

UNITED STATES BANKRUPTCY COURT

WESTERN DISTRICT OF WASHINGTON

| In re: | Case No. 17-41216-MJH |
|---|---|
| PAUL JOE,  Debtor. | STIPULATED ORDER AUTHORIZING USE OF CASH COLLATERAL AND ADEQUATE PROTECTION |

Paul Joe, the debtor in possession (the "Debtor"), and Hampton Heights, L.L.C. ("Lender"), stipulate as follows:

A.  <u>Commencement of Case</u>.  On March 30, 2017 (the "Petition Date"), the Debtor filed a voluntary petition for relief with this Court, commencing a case (the "Chapter 11 Case") under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").  Since the Petition Date, the Debtor has continued to manage and operate his property and business as debtor in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

Page 1 – STIPULATED ORDER AUTHORIZING USE OF
         CASH COLLATERAL AND ADEQUATE PROTECTION

Motschenbacher & Blattner, LLP
117 SW Taylor St., Suite 300
Portland, OR 97204
Phone: (503) 417-0500
Fax: (503) 417-0501

Case 17-41216-MJH    Doc 36    Filed 07/13/17    Ent. 07/13/17 11:02:02    Pg. 1 of 5
Case 17-41216-MJH    Doc 39    Filed 07/14/17    Ent. 07/14/17 10:59:11    Pg. 1 of 5

B. <u>Jurisdiction and Venue</u>. This Court has jurisdiction over this proceeding and the parties and properties affected hereby pursuant to 28 USC §§ 157(b) and 1334 and this is a core proceeding pursuant to 28 USC § 157(b)(2). Venue for proceeding on this Stipulated Order is proper in this Court pursuant to 28 USC § 1409.

C. <u>No Creditors' Committee</u>. To date, the United States Trustee has not appointed a committee pursuant to section 1102(a) of the Bankruptcy Code.

D. <u>Prepetition Indebtedness and Security Therefore</u>. The Debtor's secured lender is Lender. As of the Petition Date, the amount owed to Lender was approximately $1.2 million. Lender asserts that its claim against the Debtor is secured by a valid, enforceable, and properly perfected security interest in the Debtor's real property located at 58209 S Columbia River Hwy., Saint Helens, OR 97051 (the "Property"), and in the rents generated by the Property (the "Rents"). The Property is currently generating approximately $7,254.00 per month (the "Cash Collateral").

E. <u>Necessity of Use of Cash Collateral</u>. The Debtor is currently unemployed so that the Debtor's sole source of income is the Rents, and the Debtor asserts that it is necessary for the Debtor to use Cash Collateral to meet his basic living expenses, to preserve and maintain the assets of the bankruptcy estate, and to pay certain administrative expenses. Without use of such Cash Collateral, the Debtor asserts that he will lack sufficient funds to live and to propose and confirm a plan of reorganization in this case. The Debtor asserts that use of Cash Collateral is necessary to avoid immediate and irreparable harm to the estate.

F. <u>Cause</u>. The Debtor asserts that entry of this Order will minimize disruption of the Debtor's life, preserve the value of the Debtor's assets, and is in the best interests of the Debtor, his creditors, and his estate.

Page 2 – STIPULATED ORDER AUTHORIZING USE OF
CASH COLLATERAL AND ADEQUATE PROTECTION

Motschenbacher & Blattner, LLP
117 SW Taylor St., Suite 300
Portland, OR 97204
Phone: (503) 417-0500
Fax: (503) 417-0501

Case 17-41216-MJH    Doc 36    Filed 07/13/17    Ent. 07/13/17 11:02:02    Pg. 2 of 5
Case 17-41216-MJH    Doc 39    Filed 07/14/17    Ent. 07/14/17 10:59:11    Pg. 2 of 5

G. <u>Notice</u>. Notice of this Stipulated Order has been given to (a) the Office of the United States Trustee and (b) the Lender.

**NOW THEREFORE**, the Court being fully advised in the premises, it is hereby ORDERED as follows:

1. The Debtor is authorized to use Cash Collateral in accordance with the terms of this Order. This Order shall expire on January 1, 2018.

2. The Debtor's authority to spend Cash Collateral is limited to the sum of $2,500.00 per month for six months (July, August, September, October, November and December 2017), plus any quarterly US Trustee's fees incurred in this case. Additionally, the Debtor shall pay Lender $2,500.00 before the end of each month out of the Cash Collateral. All excess Cash Collateral after such payments to Lender and of the Debtor's expenses, shall be deposited into the DIP bank account and held pending further Order of this Court.

3. As adequate protection for any Cash Collateral used by the Debtor, the Lender is hereby granted, pursuant to sections 361(1) and 363(e) of the Bankruptcy Code, a perfected lien or liens (the "Replacement Liens") in the post-petition Rents, receipts and other income generated from operation of the Debtor's real property in which the Lender holds pre-petition liens and security interests, with the same priority as existed in such pre-petition liens and security interests as of the Petition Date. These security interests are granted to the Lender for the sole purpose of providing adequate protection to the Lender to protect its allowed secured claim on the Petition Date and are not intended, nor shall they be deemed, to improve the collateral position of the Lender as of the Petition Date.

4. The Replacement Liens granted by this Order shall be deemed perfected and enforceable by operation of law upon execution and entry of this Order by the Court without

Page 3 – STIPULATED ORDER AUTHORIZING USE OF
CASH COLLATERAL AND ADEQUATE PROTECTION

Motschenbacher & Blattner, LLP
117 SW Taylor St., Suite 300
Portland, OR 97204
Phone: (503) 417-0500
Fax: (503) 417-0501

Case 17-41216-MJH    Doc 36    Filed 07/13/17    Ent. 07/13/17 11:02:02    Pg. 3 of 5
Case 17-41216-MJH    Doc 39    Filed 07/14/17    Ent. 07/14/17 10:59:11    Pg. 3 of 5

regard to whether such security interests and liens are perfected under applicable non-Bankruptcy law.

5. Nothing in this Order shall be construed to (a) prejudice a right of any party in interest (including the Debtor) to contest the validity, priority, or extent of the liens or security interests of any party in any pre-petition collateral or the proceeds thereof; (b) convert any pre-petition obligations into post-petition obligations; (c) require payment of any obligations on confirmation of a plan of reorganization; (d) alter, improve, limit, or impair the rights, if any, of parties claiming to have rights of reclamation or statutory lien rights against the Debtor or his assets; or (e) enhance the secured position of any creditor as of the Petition Date.

6. The Debtor's authority to use cash collateral may be extended beyond January 1, 2018 upon the express, mutual agreement of the Debtor and the Lender, though Lender shall be under no obligation to provide such agreement. In such event, the Debtor may submit a further order allowing the use of Cash Collateral on substantially similar terms without an additional motion or hearing, provided the terms of any future proposed order are first served on the United States Trustee, the top twenty Unsecured Creditors (or the Unsecured Creditors' Committee if one is appointed), and anyone requesting special notice, within 3 business days prior to its submission to the court with an opportunity to object and request a hearing.

7. The Property consists of single asset real estate ("SARE") as defined by 11 U.S.C. § 101(51B). By making this stipulation, Lender does not waive and expressly reserves the right (a) to require compliance with 11 U.S.C. § 362(d)(3), (b) to assert any other provisions applicable to SARE, and (c) to seek enforcement of any of its other rights and remedies, in the event that the Debtor fails to comply with this Order, or upon expiration of this Order. Lender

Page 4 – STIPULATED ORDER AUTHORIZING USE OF CASH COLLATERAL AND ADEQUATE PROTECTION

Motschenbacher & Blattner, LLP
117 SW Taylor St., Suite 300
Portland, OR 97204
Phone: (503) 417-0500
Fax: (503) 417-0501

Case 17-41216-MJH    Doc 36    Filed 07/13/17    Ent. 07/13/17 11:02:02    Pg. 4 of 5
Case 17-41216-MJH    Doc 39    Filed 07/14/17    Ent. 07/14/17 10:59:11    Pg. 4 of 5

specifically reserves the right to seek relief from the automatic stay to enforce its rights and remedies against the Property immediately upon expiration of this Order.

8. The Debtor shall continue to use best efforts to comply with the US Trustee's request for documents substantiating certain prepetition cash transactions.

9. This Order, and each of its terms, shall be effective immediately upon entry by the Court.

/// END OF ORDER///

IT IS SO STIPULATED:

MOTSCHENBACHER & BLATTNER, LLP

/s/ Troy G. Sexton
Troy G. Sexton, WSBA #48826
Of Attorneys for Debtor


KELL, ALTERMAN & RUNSTEIN, LLP

/s/ Mathew W. Lauritsen
Mathew W. Lauritsen, WSBA #47302
Of Attorneys for Lender


ORDER PRESENTED BY:

MOTSCHENBACHER & BLATTNER, LLP

/s/ Troy G. Sexton
Troy G. Sexton, WSBA #48826
Telephone: 503-417-0500
E-mail: tsexton@portlaw.com
Of Attorneys for Debtor

Page 5 – STIPULATED ORDER AUTHORIZING USE OF CASH COLLATERAL AND ADEQUATE PROTECTION

Motschenbacher & Blattner, LLP
117 SW Taylor St., Suite 300
Portland, OR 97204
Phone: (503) 417-0500
Fax: (503) 417-0501

Case 17-41216-MJH    Doc 36    Filed 07/13/17    Ent. 07/13/17 11:02:02    Pg. 5 of 5
Case 17-41216-MJH    Doc 39    Filed 07/14/17    Ent. 07/14/17 10:59:11    Pg. 5 of 5