Douglas P. Cushing, WSB # 23392
JORDAN RAMIS PC
Two Centerpointe Drive, Suite 600
Lake Oswego, OR 97035
Telephone: (503) 598-7070
Fax: (503) 598-7373

Attorney for Creditor City of St. Helens

Hon. Mary Jo Heston
Chapter 11
Location: 500 W. 12th Street,
2d Floor, Vancouver, WA
Hearing Date: 1/9/18
Hearing Time: 9:00 a.m.
Response Date: 1/2/18

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

In re

PAUL JOE,

              Debtor.

Case No. 17-41216-MJH

CREDITOR CITY OF ST. HELENS' MOTION TO CONVERT THE DEBTOR'S CHAPTER 11 CASE TO A CHAPTER 7 CASE PURSUANT TO 11 U.S.C. § 1112(b)

The City of St. Helens ("St. Helens"), a municipality under the laws of the state of Oregon and creditor in the above-entitled case, files this *Motion* to convert the Debtor's Chapter 11 case to a Chapter 7 case pursuant to 11 U.S.C § 1112(b). This motion is supported by the court file, the legal arguments below, and the Declaration of Douglas P. Cushing filed concurrently herewith.

## I. **Jurisdiction and Venue**

1. This Court has jurisdiction to hear this matter and enter a final order granting the relief requested herein pursuant to 28 U.S.C. §§ 1334 and 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. This matter is a core proceeding under 28 U.S.C. § 157(b)(2) upon which this court has the constitutional authority to enter final order.

CREDITOR CITY OF ST. HELENS MOTION TO CONVERT THE
DEBTOR'S CHAPTER 11 CASE TO A CHAPTER 7 CASE
PURSUANT TO 11 U.S.C. § 1112(b) - Page 1

JORDAN RAMIS PC
Attorneys at Law
Two Centerpointe Drive, Suite 600
Lake Oswego, OR 97035
Telephone: 503.598.7070 Fax: 503.598.7373

Case 17-41216-MJH    Doc 51    Filed 12/13/17    Ent. 12/13/17 14:15:52    Pg. 1 of 8

3. The statutory predicates for the relief requested herein are 11 U.S.C §§ 105(a), 1109(b), and 1112(b).

## II. **Background Relevant to Requested Relief**

4. Debtor previously instituted a Chapter 11 bankruptcy entitled *In re Paul Joe,* District of Oregon Bankruptcy Case No. 12-36345-elp11 ("2012 Bankruptcy"). The 2012 Bankruptcy resulted in a plan of reorganization confirmed in July 2013 (the "2013 Plan"). Following confirmation of the 2013 plan, Debtor consistently fell behind on payments to St. Helens and other secured creditors. The 2012 bankruptcy was terminated without discharge in July 2013.

5. On March 30, 2017, the Debtor filed a petition for relief under Chapter 11 of the Code (the "Petition"). (Docket 1).

6. St. Helens holds a secured claim for improvements under the local improvement district, and filed its' proof of claim on July 17, 2017 (Claim 3).

7. Debtor has acknowledged on his Petition that this is a single asset bankruptcy consisting solely of commercial property situated in the State of Oregon, in City of St. Helens, Columbia County (the "Property"), currently operating as Bing's Restaurant. The Debtor claims the property has a value of $2.5 million.

8. On July, 25, 2017, the Debtor filed an *Ex Parte Motion to Extend Exclusivity Periods* ("*Motion*") (Docket 42), requesting an extension of the exclusivity period to file a plan under 11 U.S.C §1121(b) from July 28, 2017, to October 31, 2017, and an extension of the exclusivity periods under 11 U.S.C § 1121(c) from September 26, 2017, to December 31, 2017.

9. The Debtor represented in his *Motion*, that he accepted an offer to subdivide and sell a portion of the Property, was in the process of formalizing the terms of the proposed transaction, and intended to file a sale motion under Section 363 of the Code to obtain the Court's approval of the proposed sale of the Property.

CREDITOR CITY OF ST. HELENS MOTION TO CONVERT THE DEBTOR'S CHAPTER 11 CASE TO A CHAPTER 7 CASE PURSUANT TO 11 U.S.C. § 1112(b) - Page 2

JORDAN RAMIS PC
Attorneys at Law
Two Centerpointe Drive, Suite 600
Lake Oswego, OR 97035
Telephone: 503.598.7070 Fax: 503.598.7373

Case 17-41216-MJH    Doc 51    Filed 12/13/17    Ent. 12/13/17 14:15:52    Pg. 2 of 8

10. The sale includes only a portion of the Property requiring the debtor formally petition the property.

11. As of the date of this Motion to Convert:

   a. An Order on Debtor's *Motion* has not been entered by the Court;

   b. The Debtor has not filed a plan; and

   c. The Debtor has filed neither a motion to approve engagement of a realtor, nor filed the acceptance of an offer to sell a portion of the Property.

12. As a result, there will be no plan confirmed prior to December 31, 2017.

13. In the interim, the Debtor has made no payments toward the St. Helens' secured claim. Further, on several occasions since debtor filed his Petition, Bing's Restaurant has been severely delinquent on payments to St. Helens, nearly causing termination of sewer services.

### III. Motion to Convert or Dismiss

14. Under the present circumstances, it is in the best interests of Debtor's creditors to convert this Chapter 11 case to a case under Chapter 7 of the Bankruptcy Code, as it appears the only apparent potential value remaining is the liquidation of the Property. If a sale can be obtained, such sale should be facilitated by a court-appointed trustee.

15. Section 1112(b)(1) of the Bankruptcy Code provides that the Court "shall" convert or dismiss the case if the movant establishes cause, unless the court determines that unusual circumstances exist such that conversion or dismissal would not be in the best interests of creditors and the estate. 11 U.S.C. §1112(b)(1).

16. Section 1112(b)(4) of the Bankruptcy Code provides a non-exhaustive list of 16

///

///

///

///

CREDITOR CITY OF ST. HELENS MOTION TO CONVERT THE DEBTOR'S CHAPTER 11 CASE TO A CHAPTER 7 CASE PURSUANT TO 11 U.S.C. § 1112(b) - Page 3

JORDAN RAMIS PC
Attorneys at Law
Two Centerpointe Drive, Suite 600
Lake Oswego, OR 97035
Telephone: 503.598.7070 Fax: 503.598.7373

Case 17-41216-MJH    Doc 51    Filed 12/13/17    Ent. 12/13/17 14:15:52    Pg. 3 of 8

factors from which the Court may find a showing of "cause" for purposes of paragraph (b)(1). Cause for conversion exists when a moving party can demonstrate:

    a. the substantial or continuing loss to or diminution of the Debtor's estate and an absence of a reasonable likelihood of rehabilitation (11 U.S.C. § 1112(b)(4)(A)); and/or

    b. failure to file a disclosure statement, or to file or confirm a plan, within the time fixed by this title or by order of the court (11 U.S.C. § 1112(b)(4)(J));

17. Once cause is established by the moving party, dismissal or conversion is mandatory, unless it is established that appointment of a trustee or examiner is warranted. *See In re Gilroy*, 2008 WL 4531982, at 4 (B.A.P. 1st Cir. Aug. 4, 2008).

    a. **Conversion Stops the Diminution of Value**

18. The test in determining whether there has been a continuing loss to or diminution of the estate is whether there is "a negative cash flow by the debtor after entry of the Order for Relief in the Chapter 11 case, [or] depreciation in value of the debtors' assets notwithstanding a possible positive cash flow, either condition sufficing to satisfy the first element set forth in § 1112(b)(1)." *Faden v. Faden*, Civ. No. 90-2863 (CSF), 1990 WL 191861, at *3 (D.N.J. Nov. 5, 1990). For purposes of a liquidating Chapter 11 case, a negative cash flow exists so long as the estate continues to incur post-petition debt. See *Loop Corp. v. U.S. Trustee*, 379 F.3d 511, 515-516 (8th Cir. 2004); "Under the interpretation of § 1112(b)(1) consistently used in bankruptcy courts, this negative cash flow situation alone is sufficient to establish 'continuing loss to or diminution of the estate.'" *Id*. at 515-516.

19. Through the duration of the Debtor's current bankruptcy, no payments have bene paid toward St. Helens' secured claim.

20. Debtor indicated he accepted an offer to subdivide and sell a portion of the

///

CREDITOR CITY OF ST. HELENS MOTION TO CONVERT THE DEBTOR'S CHAPTER 11 CASE TO A CHAPTER 7 CASE PURSUANT TO 11 U.S.C. § 1112(b) - Page 4

JORDAN RAMIS PC
Attorneys at Law
Two Centerpointe Drive, Suite 600
Lake Oswego, OR 97035
Telephone: 503.598.7070 Fax: 503.598.7373
49698-71067-2877809\_2\CS\12/12/2017

Case 17-41216-MJH    Doc 51    Filed 12/13/17    Ent. 12/13/17 14:15:52    Pg. 4 of 8

Property in July 2017; however, no partition paperwork has been filed with the county, and no motions requesting approval of such sale were filed with this court.

21. Further, Debtor acknowledges in his *Motion* that the partial sale of the property would not satisfy the creditors, and instead stated that he "believe[d] that he will be able to obtain additional financing secured by the remainder of the Property not being sold." Debtor has not supplied any confirmation to the court that such sale is apt to occur, much less that such additional financing has been obtained, and further has admitted to the Court that such sale would not only fail to satisfy his creditors, but would also incur additional debts against the estate in the form of additional financing.

22. Debtor has failed to provide any assurance that there is a reasonable likelihood of rehabilitation of the estate and further continues to incur losses to the estate.

23. Further, Debtor consistently fell behind on payments following confirmation of the 2013 plan in the prior 2012 bankruptcy. Upon completion of all payments under the 2013 plan, debtor was required to reopen the 2012 bankruptcy, but he did not file a motion for entry of discharge. Debtor was unable to complete payments to his creditors in his prior 2012 bankruptcy, never sought a discharge, and continues to accrue losses in his failure to make payments to St. Helens and/or provide reassurances in the present bankruptcy.

24. Conversion from a Chapter 11 case to a Chapter 7 case is appropriate where the debtor is continuing to lose money and intends to liquidate. See *In re ABEPP Acquisition Corp.*, 191 B.R. 367 (Bankr. N.D. Ohio 1996).

   b. **Failure to file or confirm a plan within the time fixed by this title or by order of the Court**

25. 11 U.S.C. § 1121 (b) provides that only the debtor may file a plan within the 120 days after the date of the order for relief. 11 U.S.C. § 1121 (c) further provides that a party in interest other than the debtor may file a plan only if (1) a trustee has been appointed; (2) the

CREDITOR CITY OF ST. HELENS MOTION TO CONVERT THE DEBTOR'S CHAPTER 11 CASE TO A CHAPTER 7 CASE PURSUANT TO 11 U.S.C. § 1112(b) - Page 5

JORDAN RAMIS PC
Attorneys at Law
Two Centerpointe Drive, Suite 600
Lake Oswego, OR 97035
Telephone: 503.598.7070 Fax: 503.598.7373

Case 17-41216-MJH    Doc 51    Filed 12/13/17    Ent. 12/13/17 14:15:52    Pg. 5 of 8

debtor has not filed a plan before 120 days after the date of the order for relief; or (3) the debtor has not filed a plan that has been accepted before 180 days after the date of the order for relief under this chapter, but each class of claims or interests that is impaired under the plan.

26. Pursuant to 11 U.S.C. § 1121(b) and (c), the 120th day after the date of the order for relief in this case was July 28, 2017, and the 180th day after the date of the order for relief in this case was September 26, 2017.

27. The Debtor attempted in his *Motion* to extend such exclusivity deadlines, to October 31, 2017, and December 31, 2017, respectively, however an Order was never entered granting such extension.

28. As of the date of this pleading, no plan has been filed with the court.

29. Even if such Order on the Debtor's *Motion* had been entered, the Debtor failed to timely file his plan by October 31, 2017.

30. As it stands, no plan will be confirmed by December 31, 2017.

31. Debtor has failed to file or confirm a plan with the time fixed by this title and/or by order of the Court, and his bankruptcy should be converted and/or dismissed.

## IV. Conclusion

Cause exists for conversion of this Chapter 11 case to one under Chapter 7. The Movant is unaware of any circumstance that would constitute "unusual circumstances" operating as an exception to the standard set forth in U.S.C. § 1112(b)(1). Accordingly, it is appropriate and in the best interest of the creditors and this estate for the Court to either convert this Chapter 11 case to a case under Chapter 7 of the Bankruptcy Code.

**WHEREFORE,** the Movant respectfully requests that this Court enter an order either

///

///

///

CREDITOR CITY OF ST. HELENS MOTION TO CONVERT THE DEBTOR'S CHAPTER 11 CASE TO A CHAPTER 7 CASE PURSUANT TO 11 U.S.C. § 1112(b) - Page 6

JORDAN RAMIS PC
Attorneys at Law
Two Centerpointe Drive, Suite 600
Lake Oswego, OR 97035
Telephone: 503.598.7070 Fax: 503.598.7373

Case 17-41216-MJH    Doc 51    Filed 12/13/17    Ent. 12/13/17 14:15:52    Pg. 6 of 8

converting the debtor's case from a Chapter 11 to a Chapter 7 or dismissing the Debtor's bankruptcy, and such other and further relief as this Court deems appropriate.

DATED this 12th day of December, 2017.

JORDAN RAMIS PC
Attorneys for Creditor City of St. Helens

By: s/ Douglas P. Cushing
Douglas P. Cushing, WSBA # 23392

CREDITOR CITY OF ST. HELENS MOTION TO CONVERT THE DEBTOR'S CHAPTER 11 CASE TO A CHAPTER 7 CASE PURSUANT TO 11 U.S.C. § 1112(b) - Page 7

JORDAN RAMIS PC
Attorneys at Law
Two Centerpointe Drive, Suite 600
Lake Oswego, OR 97035
Telephone: 503.598.7070 Fax: 503.598.7373
49698-71067-2877809.2\CS\12/12/2017

Case 17-41216-MJH    Doc 51    Filed 12/13/17    Ent. 12/13/17 14:15:52    Pg. 7 of 8

# DECLARATION OF SERVICE

I hereby certify that on the date shown below, I served a true and correct copy of the foregoing CREDITOR CITY OF ST. HELENS MOTION TO CONVERT THE DEBTOR'S CHAPTER 11 CASE TO A CHAPTER 7 CASE PURSUANT TO 11 U.S.C. § 1112(b) on:

    All ECF Participants

    Nicholas J. Henderson, nhenderson@portlaw.com
    Troy G. Sexton, tsexton@portlaw.com
        Attorneys for Debtor

    Kathryn E. Perkins, kathryn.e.perkins@usdoj.gov
        Attorney for US Trustee

    United States Trustee, USTPRegion18.SE.ECF@usdoj.gov

[x]    by electronic transmission.

DATED: December 12, 2017.

                      s/ Douglas P. Cushing
                      Douglas P. Cushing, WSBA # 23392
                      Attorney for Creditor City of St. Helens

DECLARATION OF SERVICE

JORDAN RAMIS PC
Attorneys at Law
Two Centerpointe Drive, Suite 600
Lake Oswego, OR 97035
Telephone: 503.598.7070 Fax: 503.598.7373
49698-71067-2857809.2\CS\12/12/2017

Case 17-41216-MJH    Doc 51    Filed 12/13/17    Ent. 12/13/17 14:15:52    Pg. 8 of 8