| | |
|---|---|
| Mathew W. Lauritsen, WSBA No. 47302<br>KELL, ALTERMAN & RUNSTEIN, L.L.P.<br>Email: mlauritsen@kelrun.com<br>520 SW Yamhill St., Suite 600<br>Portland, OR 97204<br>Phone: (503) 222-3531 | Hon. Mary Jo Heston<br>Chapter 11<br>Telephonic Hearing<br>Hearing Date: 2/5/18<br>Hearing Time: 10:00 a.m.<br>Response Date: 1/30/18 |

Attorneys for Hampton Heights, LLC

# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re<br><br>**PAUL JOE**,<br><br>      Debtors. | Case No. 17-41216-MJH<br><br>HAMPTON HEIGHTS, LLC'S OBJECTION TO DEBTOR'S DISCLOSURE STATEMENT DATED DECEMBER 21, 2017 AND CHAPTER 11 PLAN |

      Hampton Heights, LLC ("Hampton Heights"), the Class 2 secured creditor in this single-asset real estate case, sets forth the following objections to the Debtor's Disclosure Statement dated December 21, 2017, and Debtor's Chapter 11 Plan of Reorganization (the "Plan," Doc. No. 53):

      1.    The Plan does not reflect or consider the current amount of Hampton Heights' secured claim. As of December 31, 2017, the balance owing was not less than $1,590,071.60. The Debtor has not made a regular payment to Hampton Heights on its secured claim since April 2016. Hampton Heights was entitled to six payments of $2,500.00 under the Cash Collateral Order entered in this case (Doc. No. 39), but confirmed receipt of only four such payments (August 31, 2017, October 31, 2017, November 30, 2017, and January 12, 2017).

      2.    The Plan depends for its success on the tenant paying 44% more rent than the current rent. Specifically, the Plan contemplates that the tenant will agree to increase its rent from $7,254.24 to $10,500, and that the tenant will pay the property taxes as part of its rent.
Page 1 – HAMPTON HEIGHTS LLC'S RESPONSE IN SUPPORT OF
    CITY OF ST. HELENS' MOTION TO CONVERT

00505278

KELL, ALTERMAN & RUNSTEIN, L.L.P.
ATTORNEYS AT LAW
520 SW YAMHILL, SUITE 600
PORTLAND, OR 97204
TELEPHONE (503) 222-3531
FACSIMILE (503) 227-2980

Case 17-41216-MJH   Doc 70   Filed 01/30/18   Ent. 01/30/18 14:56:04   Pg. 1 of 5

Doc. 53, p. 25. However, the tenant has not demonstrated the ability to pay the rent even at current rates. As the Debtor disclosed on December 22, 2017, the tenant is in default on the current lease by $17,500 (Doc. 53, p. 25), meaning that the tenant can't afford to pay even the current rent. If the tenant can't pay rent at the current rate, the tenant can't be expected to pay 44% more rent than the current rate— and cure the existing default— to finance the proposed Plan.

3. In the Debtor's prior bankruptcy (*In re Paul Joe*, Case 12-36345-elp11, District of Oregon, the "Prior Case"), he reported that the tenant was paying $10,100/month in rent, scheduled to increase to $11,375/month in January 2013. In the filings for this case, the Debtor reports that the rent is now only $7,254.24/month. With the current rent $4,000/month lower than the rent of five years ago, and the tenant being in default on that lower sum, it is unreasonable to expect the tenant to be able to pay enough rent to support the Plan.

4. The proposed lease (Doc. No. 53, p. 30) requires the tenant to pay the property taxes and keep them current. Hampton Heights believes that the existing lease has the same requirement. The tenant cannot afford to pay the property taxes, which are a little more than $1,000/month and are seriously delinquent. The taxes for 2017-18 are unpaid ($13,193.34 due as of February 15, 2018). The taxes for 2016-17 are unpaid ($14,910.12 due as of February 15, 2018). One installment of the taxes for 2015-16 is still unpaid ($5,301.73 as of February 15, 2018). The total delinquency is $33,405.19. If the tenant cannot afford to pay the property taxes, then the tenant can't afford to pay the increased rent on which the Plan depends for its success.

5. In the Debtor's prior bankruptcy, he reported rental income of $10,100/month from the property. (Prior Case, Doc. No. 14, Statement of Current Monthly Income, filed August 29, 2012), and his prior confirmed plan stated that the rent was to increase to $11,375/month in January 2013. Instead of going up, the Debtor's rental income has gone down. Because the Debtor's rental income from the property has fallen by 28% from the rent of five

Page 2 – HAMPTON HEIGHTS LLC'S RESPONSE IN SUPPORT OF
    CITY OF ST. HELENS' MOTION TO CONVERT

KELL, ALTERMAN & RUNSTEIN, L.L.P.
ATTORNEYS AT LAW
520 SW YAMHILL, SUITE 600
PORTLAND, OR 97204
TELEPHONE (503) 222-3531
FACSIMILE (503) 227-2980

00505278

Case 17-41216-MJH    Doc 70    Filed 01/30/18    Ent. 01/30/18 14:56:04    Pg. 2 of 5

1  years ago, it's unreasonable to base the Plan on the value of the restaurant portion of the property
2  being higher than it was five years ago.

3        6.    The Plan seeks to impair the claim of Hampton Heights by reducing the interest
4  rate to 7% from the non-default rate of 10% confirmed in the prior plan, which itself is a
5  reduction from the original note rate of 11% when Hampton Heights made the loan on June 1,
6  2010, due in full on December 1, 2011 (Prior Case, Doc. No. 102, p. 8 (Exhibit A)). The Debtor
7  was unable to pay off that loan when it matured in 2011. The Debtor was unable to pay off the
8  restructured loan when it matured on July 1, 2016. The Debtor has had nearly eight years to sell
9  the property and pay off the Hampton Heights loan, but has taken no steps toward a sale.
10 Hampton Heights agrees with the argument of the City of St. Helens that the Debtor has taken no
11 steps to pursue partition and sale of the property. (Creditor City of St. Helens' Reply to Debtor's
12 Opposition, Doc. No. 58.)

13       7.    The Plan asserts that the value of the Debtor's real estate is $2,500,000 (Doc. 53,
14 p. 47), but offers no evidence in support of the Debtor's assertion. In the Debtor's prior
15 bankruptcy, Hampton Heights obtained an appraisal that valued the property at $1,300,000 as of
16 March 12, 2013 (Prior Case, Doc. No. 102, p. 29 (Exhibit E)). A broker's opinion of value in
17 December 2012 valued the property at $850,000 to $875,000. (Prior Case, Doc. No. 102, p. 13
18 (Exhibit C)). The Debtor asserts without evidence that the property is now worth nearly twice as
19 much as it was worth five years ago, even though it does not produce enough income to service
20 its debt or pay the property taxes.

21       8.    The Plan attempts to reduce Hampton Heights secured claim (by reducing the
22 basic, non-default interest rate from 10% to 7%) while also claiming that Hampton Heights is so
23 over-secured that the sale of just a *portion* of the property will be sufficient to implement the
24 Plan and not destroy the value of Hampton Heights' remaining collateral. These positions are
25 both inconsistent and unsupported, and suggest that either Hampton Heights should be granted
26

Page 3 – HAMPTON HEIGHTS LLC'S RESPONSE IN SUPPORT OF
         CITY OF ST. HELENS' MOTION TO CONVERT

KELL, ALTERMAN & RUNSTEIN, L.L.P.
ATTORNEYS AT LAW
520 SW YAMHILL, SUITE 600
PORTLAND, OR 97204
TELEPHONE (503) 222-3531
FACSIMILE (503) 227-2980

00505278

Case 17-41216-MJH    Doc 70    Filed 01/30/18    Ent. 01/30/18 14:56:04    Pg. 3 of 5

1 relief from the automatic stay to complete foreclosure, or the case should be converted to

2 Chapter 7 for an orderly, trustee-supervised liquidation.

3     9.    For the foregoing reasons, the Plan does not comply with the requirements of 11 U.S.C. 1129. The Plan seeks to improperly modify the Chapter 11 plan obligations of the Debtor in the Prior Case and is not proposed in good faith. The Plan is not feasible, and the likelihood that confirmation will be shortly followed by liquidation suggests that permitting additional administrative claims to accrue is not in the best interests of creditors. The Debtor's intent to again extend maturity dates on the hope of a partial liquidation of Hampton Heights' collateral— despite having taken little to no action toward this end in the ten-plus months this case has been pending— does not constitute fair and equitable treatment of Hampton Heights' secured claim.

For the foregoing reasons, the Debtors' proposed disclosure statement should not be approved, and the Debtors' proposed Chapter 11 Plan is not confirmable.

DATED: January 30, 2018    KELL, ALTERMAN & RUNSTEIN, L.L.P.

By: s/ Mathew W. Lauritsen
**Mathew W. Lauritsen**, WSBA No. 47302
Email: mlauritsen@kelrun.com
Kell, Alterman & Runstein, L.L.P.
520 SW Yamhill St., Suite 600
Portland, OR 97204
Phone: (503) 222-3531

and

**Dean N. Alterman**, WSBA No. 42326
Email: dean@alterman.law
Alterman Law Group PC
805 SW Broadway, Ste. 470
Portland, OR 97205
Phone: (503) 517-8200

Attorneys for Hampton Heights, LLC

Page 4 – HAMPTON HEIGHTS LLC'S RESPONSE IN SUPPORT OF
    CITY OF ST. HELENS' MOTION TO CONVERT

KELL, ALTERMAN & RUNSTEIN, L.L.P.
ATTORNEYS AT LAW
520 SW YAMHILL, SUITE 600
PORTLAND, OR 97204
TELEPHONE (503) 222-3531
FACSIMILE (503) 227-2980

00505278

Case 17-41216-MJH    Doc 70    Filed 01/30/18    Ent. 01/30/18 14:56:04    Pg. 4 of 5

# CERTIFICATE OF SERVICE

I hereby certify that on the date shown below, I served a true and correct copy of the foregoing HAMPTON HEIGHTS LLC'S RESPONSE IN SUPPORT OF CITY OF ST. HELENS' MOTION TO CONVERT on:

All ECF Participants

Douglas P Cushing on behalf of Creditor City of St. Helens
doug.cushing@jordanramis.com, litparalegal@jordanramis.com

Nicholas J Henderson on behalf of Debtor Paul Joe
nhenderson@portlaw.com, csturgeon@portlaw.com, tsexton@portlaw.com

Kathryn E Perkins on behalf of US Trustee United States Trustee
kathryn.e.perkins@usdoj.gov, Tara.Maurer@usdoj.gov; young-mi.petteys@usdoj.gov; martha.a.vandraanen@usdoj.gov

Troy G Sexton on behalf of Debtor Paul Joe
tsexton@portlaw.com, mmyers@portlaw.com, troy-sexton-4772@ecf.pacerpro.com

United States Trustee
USTPRegion18.SE.ECF@usdoj.gov

by electronic transmission.

DATED: January 30, 2018       KELL, ALTERMAN & RUNSTEIN, L.L.P.

By: s/ Mathew W. Lauritsen
Mathew W. Lauritsen, WSBA No. 47302
Email: mlauritsen@kelrun.com
KELL, ALTERMAN & RUNSTEIN, L.L.P.
520 SW Yamhill St., Suite 600
Portland, OR 97204
Phone: (503) 222-3531

CERTIFICATE OF SERVICE

KELL, ALTERMAN & RUNSTEIN, L.L.P.
ATTORNEYS AT LAW
520 SW YAMHILL, SUITE 600
PORTLAND, OR 97204
TELEPHONE (503) 222-3531
FACSIMILE (503) 227-2980

00505278

Case 17-41216-MJH    Doc 70    Filed 01/30/18    Ent. 01/30/18 14:56:04    Pg. 5 of 5