Mathew W. Lauritsen, WSBA No. 47302
KELL, ALTERMAN & RUNSTEIN, L.L.P.
Email: mlauritsen@kelrun.com
520 SW Yamhill St., Suite 600
Portland, OR 97204
Phone: (503) 222-3531

Hon. Mary Jo Heston
Chapter 11
Telephonic Hearing
Hearing Date: 4/4/18
Hearing Time: 9:30 a.m.
Response Date: 3/28/18

Attorneys for Hampton Heights, LLC

## UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF WASHINGTON

In re

**PAUL JOE**,

    Debtors.

Case No. 17-41216-MJH

HAMPTON HEIGHTS, LLC'S OBJECTION TO CONFIRMATION OF DEBTOR'S SECOND AMENDED PLAN OF REORGANIZATION DATED FEBRUARY 14, 2018

    Hampton Heights, LLC ("Hampton Heights"), the Class 2 secured creditor in this single-asset real estate case, sets forth the following objection to confirmation of the Debtor's Second Amended Plan of Reorganization dated February 14, 2018 (the "Plan," Doc. No. 75):

**RELEVANT BACKGROUND FACTS**

    Hampton Heights' secured claim against the Debtor dates back to June 17, 2010 under the terms of a promissory note with an original principal amount of $1,100,000 and just an 18-month term (the "Original Note"). The Original Note required interest-only payments of $10,100 per month and an interest rate of 11% per annum. The Debtor defaulted under the terms of the Original Note, and in March 2012 Hampton Heights commenced nonjudicial foreclosure proceedings. On the morning of the sale date, August 17, 2012, the Debtor filed a Chapter 11 bankruptcy in the U.S. Bankruptcy Court for the District of Oregon (In re Paul Joe, Case 12-36345-elp11, District of Oregon, the "Prior Case") to stop the foreclosure sale.

///

Page 1 –    HAMPTON HEIGHTS, LLC'S OBJECTION TO CONFIRMATION
          OF DEBTOR'S SECOND AMENDED PLAN OF
          REORGANIZATION DATED FEBRUARY 14, 2018

00505278

KELL, ALTERMAN & RUNSTEIN, L.L.P.
ATTORNEYS AT LAW
520 SW YAMHILL, SUITE 600
PORTLAND, OR 97204
TELEPHONE (503) 222-3531
FACSIMILE (503) 227-2980

Case 17-41216-MJH    Doc 82    Filed 03/28/18    Ent. 03/28/18 14:56:55    Pg. 1 of 12

After significant negotiation and litigation, a Chapter 11 plan was confirmed in the Prior Case on April 29, 2013 (the "2013 Plan"). Among other things, the 2013 Plan provided for refinancing of the Original Note with a new promissory note dated July 1, 2013, in the original principal amount of $1,243,583.31 and set to mature on July 1, 2016 (as defined in the 2013 Plan, the "Reorganization Note").

The Reorganization Note forms the basis of Hampton Heights' secured claim in the current case and is attached to Hampton Heights' Proof of Claim (Claim 5). Under the terms of the Reorganization Note, the Debtor now owes not less than $1,590,071.60 as set forth in Hampton Heights' Proof of Claim. The debt owed to Hampton Heights has only continued to grow since it originated in 2010 and will continue to grow under the proposed Plan. The Debtor has not made a regular payment to Hampton Heights on its secured claim since April 2016, and the loan is fully mature. The Plan seeks to effectively extend what was originally an 18-month loan running from June 17, 2010, into an almost <u>13-year</u> loan that would not mature until January 1, 2023, if the Plan is confirmed.

**SUMMARY OF OBJECTION**

The Debtor's Plan is not confirmable for the following reasons:

(1) The Plan does not comply with 11 U.S.C. 1129(a) because it is not proposed in good faith, will result in diminution of the Debtor's estate and is therefore not in the best interests of unsecured creditors, and is likely to be followed by liquidation and is therefore not feasible;

(2) Hampton Heights will not receive fair and equitable treatment as required under 11 U.S.C. (b)(2)(a), on account of (i) the Debtor's repeated bankruptcy filings and other efforts resulting in a *de facto* extension of an 18-month short-term loan into an approximately 13-year loan, (ii) the Debtor's impairment of Hampton Heights' claim despite insisting that Hampton Heights is significantly over-secured, and (iii) the Debtor's apparent intent to sell a portion of Hampton Heights' real

Page 2 – HAMPTON HEIGHTS, LLC'S OBJECTION TO CONFIRMATION
OF DEBTOR'S SECOND AMENDED PLAN OF
REORGANIZATION DATED FEBRUARY 14, 2018

KELL, ALTERMAN & RUNSTEIN, L.L.P.
ATTORNEYS AT LAW
520 SW YAMHILL, SUITE 600
PORTLAND, OR 97204
TELEPHONE (503) 222-3531
FACSIMILE (503) 227-2980

00505278

Case 17-41216-MJH    Doc 82    Filed 03/28/18    Ent. 03/28/18 14:56:55    Pg. 2 of 12

property collateral without paying Hampton Heights' claim in full and without even Hampton Heights' consent;

(3) The Plan is an impermissible modification of the confirmed 2013 Plan (therefore constituting a so-called "Chapter 22 bankruptcy"), and is not justified by any extraordinary and unforeseen circumstances that impaired the Debtor's ability to comply with the confirmed 2013 Plan; the Plan therefore violates 11 U.S.C. 1127(b) (Modification of Plan), and cannot comply with the Bankruptcy Code's requirement of good faith;

(4) The Debtor's Plan is internally inconsistent in that it simultaneously seeks to extend secured debt for an additional five years (through January 1, 2023) but also intends to effectuate a liquidation. The Debtor's plan to partition the property in connection with a partial sale and refinance transaction is wholly speculative and violates the Hampton Heights Trust Deed. The Debtor has not offered any evidence of the property's current value, and has not provided any preliminary plans or conditional approvals to show that a partition of the property is realistic or even plausible. The Debtor's lack of diligence with respect to a sale or refinance of the property, combined with his repeated failure to make debt service payments, real property tax payments, and certain utility payments indicate that liquidation is inevitable, even if the Debtor portrays it is merely optional; and

(5) The Debtor's apparent intent to "sell all or a portion" of Hampton Heights' real property collateral under Section 7.4 of the Plan without Hampton Heights' consent violates the Trust Deed, as well as the general requirements and protections of 11 U.S.C. 363 and Bankruptcy Code. It is manifestly unreasonable for the Plan to essentially pre-approve *any* proposed sale of Hampton Heights' collateral so long as the Debtor enters the contract for sale "on or before March 1, 2021." Because the sale contemplated by the Plan is so speculative (if not wholly

Page 3 –   HAMPTON HEIGHTS, LLC'S OBJECTION TO CONFIRMATION
OF DEBTOR'S SECOND AMENDED PLAN OF
REORGANIZATION DATED FEBRUARY 14, 2018

KELL, ALTERMAN & RUNSTEIN, L.L.P.
ATTORNEYS AT LAW
520 SW YAMHILL, SUITE 600
PORTLAND, OR 97204
TELEPHONE (503) 222-3531
FACSIMILE (503) 227-2980

00505278

Case 17-41216-MJH    Doc 82    Filed 03/28/18    Ent. 03/28/18 14:56:55    Pg. 3 of 12

hypothetical), and because the Plan contains no details or constraints to protect the rights of secured creditors, the Debtor must be required to either (1) obtain Hampton Heights' consent prior to any sale of the property, or (2) obtain approval from this Court, after notice and a hearing, with respect to any proposed sale of the collateral.

**DISCUSSION**

Hampton Heights therefore submits the following points in support of this objection to the Debtor's proposed Plan:

1. The Plan misstates the current amount of Hampton Heights' secured claim and the non-default rate of interest under the Reorganization Note. As of December 31, 2017, the balance owing to Hampton Heights and secured by the Debtor's property was not less than $1,590,071.60, consisting of $1,243,583 in principal and $346,488.29 in accrued but unpaid interest, together with presently accruing interest at the non-default rate of 10% per annum, legal fees and other costs. See Claim 5, Exhibits 1-4. The Debtor's First Amended Disclosure Statement dated February 1, 2018, states on page 8 that he will pay interest at the "non-default rate," but also that "the debt will accrue interest at 7%." See Doc. 72, p. 8 (subsections (a) and (c)). The same confusion appears in the plan of reorganization. See Doc. 72, p. 23. Notwithstanding this inconsistency, Hampton Heights is entitled to receive the non-default rate of 10% interest under the terms of the 2013 Plan as memorialized by the Reorganization Note.

2. The Plan depends almost entirely on an increase in rent that the tenant cannot pay. For this reason alone, the Plan is not feasible. In the Debtor's Prior Case, he reported rental income of $10,100/month from the property. (Prior Case, Doc. 14, Statement of Current Monthly Income, filed August 29, 2012). Under the 2013 Plan, the rent was to increase to $11,375/month as of January 2013. Instead of going up, the Debtor's rental income has gone down. The tenant's current rent is $7,254.24. Doc. 72, p. 26. This is approximately

Page 4 – HAMPTON HEIGHTS, LLC'S OBJECTION TO CONFIRMATION OF DEBTOR'S SECOND AMENDED PLAN OF REORGANIZATION DATED FEBRUARY 14, 2018

KELL, ALTERMAN & RUNSTEIN, L.L.P.
ATTORNEYS AT LAW
520 SW YAMHILL, SUITE 600
PORTLAND, OR 97204
TELEPHONE (503) 222-3531
FACSIMILE (503) 227-2980

00505278

Case 17-41216-MJH    Doc 82    Filed 03/28/18    Ent. 03/28/18 14:56:55    Pg. 4 of 12

1  $4,000/month *lower* than expected under the 2013 Plan.  Even so, the tenant is currently in
2  arrears in the amount of $17,500.  Doc. 72, p. 26.

3.   Like the 2013 Plan, the current Plan suggests that the tenant will agree to and be able to pay a significant rent increase (from $7,254.24 to $10,500), while simultaneously curing the $17,500 arrearage and paying all property taxes.  Doc. 72, p. 26.  With the tenant already in default at a substantially lower rate, it is unreasonable to presume that the tenant will be able to finance the Plan by paying substantially higher rent, curing existing arrearages, and paying substantially delinquent property taxes.

4.   The proposed lease (Doc. 75, p. 18) requires the tenant to pay the property taxes and keep them current.  Hampton Heights believes that the existing lease has the same requirement.  If the tenant could afford to pay the property taxes, which are a little more than $1000/month, then the property taxes would be current.  The property taxes are seriously delinquent, which means that the tenant cannot afford to pay the property taxes.   The taxes for 2017-18 are unpaid ($13,193.34 due as of February 15, 2018).  The taxes for 2016-17 are unpaid ($14,910.12 due as of February 15, 2018).  One installment of the taxes for 2015-16 is still unpaid ($5,301.73 as of February 15, 2018).  The total delinquency is $33,405.19.   If the tenant cannot afford to pay the property taxes, then the tenant can't afford to pay the increased rent on which the Plan depends for its success.

5.   The Plan may seek to impair the claim of Hampton Heights by reducing the interest rate to 7% from the non-default rate of 10% confirmed in the 2013 Plan, which itself is a reduction from the Original Note rate of 11% (See Prior Case, Doc. 102, p. 8 (Exhibit A)).  The Debtor was unable to pay off that loan when it matured in 2011.  The Debtor was unable to pay off the restructured loan when it matured on July 1, 2016.  The Debtor has provided no basis for this Court to conclude that he will be able to make payments under the Plan or pay off the loan when it matures under the terms of the Plan in 2023.

Page 5 –   HAMPTON HEIGHTS, LLC'S OBJECTION TO CONFIRMATION
              OF DEBTOR'S SECOND AMENDED PLAN OF
              REORGANIZATION DATED FEBRUARY 14, 2018

00505278

KELL, ALTERMAN & RUNSTEIN, L.L.P.
ATTORNEYS AT LAW
520 SW YAMHILL, SUITE 600
PORTLAND, OR 97204
TELEPHONE (503) 222-3531
FACSIMILE (503) 227-2980

Case 17-41216-MJH    Doc 82    Filed 03/28/18    Ent. 03/28/18 14:56:55    Pg. 5 of 12

6. The Debtor's lack of diligence suggests both that the Plan is not feasible and is not proposed in good faith. If the real property is truly worth $2,500,000 as the Debtor insists, sufficient time has passed for the Debtor to have obtained a credible valuation and financing based on that valuation—in such case, the Debtor has simply failed to take necessary action. If the real property is not worth $2,500,000, the Debtor has proposed the Plan simply to stall an inevitable foreclosure and collect rent while the case is pending. The Debtor has had nearly eight years to sell the property and pay off the Hampton Heights loan but has taken no discernable steps toward a sale. Hampton Heights agrees with the argument of the City of St. Helens that the Debtor has not diligently pursued his plan to partition and sell a portion of the property (Creditor City of St. Helens' Reply to Debtor's Opposition, Doc. 58.), and also that the partition faces significant legal hurdles and obstacles to marketability (Creditor City of St. Helens' Objection to Confirmation of Chapter 11 Plan, Doc. 80, p. 3-4. The Debtor's conduct demonstrates therefore that the Plan is not feasible, has been proposed in bad faith, or both.

7. The Plan asserts that the value of the Debtor's real estate is $2,500,000 (Doc. 53, p. 47), but offers no evidence in support of the Debtor's assertion. In the Debtor's prior bankruptcy, Hampton Heights obtained an appraisal that valued the property at $1,300,000 as of March 12, 2013 (Prior Case, Doc. 102, p. 29 (Exhibit E)). A broker's opinion of value in December 2012 valued the property at $850,000 to $875,000. (Prior Case, Doc. 102, p. 13 (Exhibit C)). The Debtor asserts without evidence that the property is now worth nearly twice as much as it was worth five years ago, even though it does not produce enough income to service its debt or pay the property taxes. Notwithstanding, if the Debtor's valuation is remotely accurate, he does not need five years to complete a sale and refinance transaction—rather, the Plan should be limited to a one-year term, compelling the Debtor to diligently pursue a successful partition and sale in a timely manner, subject to secured creditor approval.

8. The secured claims against the Debtor's property will only continue to grow and thereby decrease the amount that will be available to unsecured creditors in what appears to be

Page 6 – HAMPTON HEIGHTS, LLC'S OBJECTION TO CONFIRMATION OF DEBTOR'S SECOND AMENDED PLAN OF REORGANIZATION DATED FEBRUARY 14, 2018

KELL, ALTERMAN & RUNSTEIN, L.L.P.
ATTORNEYS AT LAW
520 SW YAMHILL, SUITE 600
PORTLAND, OR 97204
TELEPHONE (503) 222-3531
FACSIMILE (503) 227-2980

00505278

Case 17-41216-MJH    Doc 82    Filed 03/28/18    Ent. 03/28/18 14:56:55    Pg. 6 of 12

an inevitable liquidation. Since 2011, the amount of Hampton Heights Claim as compared to the value of the collateral has increased as follows:

|  | Principal or Recapitalized Balance | Increase in Principal Balance | Maturity Date | Estimated Value of Collateral | Evidentiary Basis for Estimate |
|---|---|---|---|---|---|
| **Original Note** | $1,100,000.00 | n/a | 12/01/11 | n/a | n/a |
| **Reorganization Note** | $1,243,583.31 | $143,583.31 | 06/30/15 | $1,300,000 | Appraisal (J.J. DeVoe Appraisal dated March 28, 2013 filed in Prior Case, Doc. 102, p. 30). |
| **Plan Treatment** | $1,590,071.60 | $346,488.29 | 01/01/23 | $2,500,000 | None (See First Amended Disclosure Statement, Doc. 72, Ex. B, p. 1). |

Given that the Plan calls for monthly payments of $7,500, but also that interest will accrue at the non-default rate (10% per annum or $13,250 per month), the secured claim of Hampton Heights will increase by **at least** $5,750.60 per month ($69,007 per year) until the loan matures in 2023. The Debtor's equity in the property, if any, will be consistently diminished even if he makes all payments to Hampton Heights under the Plan. The Debtor has not demonstrated any ability to make regular monthly payments to Hampton Heights or his other creditors in the eight years that this loan has been pending. The circumstances of this case overwhelmingly suggest that the Debtor will not be able to comply with the Plan, and that confirmation of the Plan will inevitably be followed by a liquidation or third Chapter 11 filing in which Hampton Heights' secured claim will only have increased.

9. Even if the Debtor's rental income could support the proposed payments to Hampton Heights and other creditors under the Plan, the Debtor will not have the capacity to pay known and unknown post-petition obligations such as the sewer charges payable to the City of

Page 7 – HAMPTON HEIGHTS, LLC'S OBJECTION TO CONFIRMATION OF DEBTOR'S SECOND AMENDED PLAN OF REORGANIZATION DATED FEBRUARY 14, 2018

KELL, ALTERMAN & RUNSTEIN, L.L.P.
ATTORNEYS AT LAW
520 SW YAMHILL, SUITE 600
PORTLAND, OR 97204
TELEPHONE (503) 222-3531
FACSIMILE (503) 227-2980

00505278

Case 17-41216-MJH    Doc 82    Filed 03/28/18    Ent. 03/28/18 14:56:55    Pg. 7 of 12

St. Helens, real property taxes, insurance, building maintenance, or administrative costs. The Debtor has fallen behind on these obligations while this case has been pending even without the obligation to make full debt service payments. This alone calls into question the Debtor's ability to perform under the Plan.

10. The totality of the circumstances demonstrate that the Plan has not been proposed in good faith as required by 11 U.S.C. 1129(a)(3).[1] The Debtor's lack of diligence, lack of candor at the commencement to the case, and repeat Chapter 11 filings demonstrate a lack of good faith. Though serial Chapter 11 filings are not *per se* impermissible or *per se* made in bad faith, a second Chapter 11 plan may modify a previous confirmed plan only "where there are extraordinary circumstances that are unforeseeable." *PNC Mortg. v. Deed &Note Traders, LLC (In re Deed & Note Traders, LLC)*, 2012 Bankr. LEXIS 1513, at *20 (B.A.P. 9th Cir. Apr. 5, 2012). Indeed, "even extraordinary and unforeseeable changes will not support a new Chapter 11, if these changes do not substantially impair the debtor's performance under the confirmed plan." *Caviata Attached Homes, LLC v. U.S. Bank, N.A. (In re Caviata Attached Homes, LLC)*, 481 B.R. 34, 46-47 (B.A.P. 9th Cir. 2012) (emphasis added). The 2013 Plan, as memorialized by the Reorganization Note, required payment of Hampton Heights' claim on or before July 1, 2016, with interest accruing at 10% per annum. The Debtor's current Plan seeks to modify this maturity date to January 1, 2023, and (depending on one's interpretation of the inconsistency noted in Section 1 of this Objection) adjust the interest rate downward to 7% from the non-default rate of 10%. This substantial extension of the maturity date approved in the Prior Case and reduction of the non-default interest rate set forth in the Reorganization Note is an impermissible modification of the 2013 Plan. The Debtor has not experienced any extraordinary and unforeseen circumstances that impaired the Debtor's ability to comply with the confirmed and substantially consummated 2013 Plan. In fact, that Debtor's circumstances with respect to

---

[1]

Page 8 – HAMPTON HEIGHTS, LLC'S OBJECTION TO CONFIRMATION OF DEBTOR'S SECOND AMENDED PLAN OF REORGANIZATION DATED FEBRUARY 14, 2018

KELL, ALTERMAN & RUNSTEIN, L.L.P.
ATTORNEYS AT LAW
520 SW YAMHILL, SUITE 600
PORTLAND, OR 97204
TELEPHONE (503) 222-3531
FACSIMILE (503) 227-2980

00505278

Case 17-41216-MJH    Doc 82    Filed 03/28/18    Ent. 03/28/18 14:56:55    Pg. 8 of 12

Hampton Heights and the collateral property are eerily similar. As with the Prior Case, the collateral property simply has not generated enough income to satisfy the Debtor's debt obligations and costs, and the Debtor has not diligently pursued known alternatives to a second bankruptcy filing. The Debtor only began working to generate personal income in January 2018 despite his crumbling financial condition and pendency of this case, and only hired a Realtor in January 2018 in an apparent effort to show this Court and anxious creditors some progress. The Debtor's historic lack of diligence contradicts any assertion by the Debtor that the Plan has been proposed in good faith, or that extraordinary circumstance prevented him from complying with the 2013 Plan.

11. The Debtor's proposal to sell all or a portion of the collateral property as outlined in Section 7.4 of the Plan impermissibly violates Hampton Heights' Trust Deed and rights as a secured creditor under 11 U.S.C. 363. Doc. 75, p. 7. Hampton Heights' Trust Deed provides that "Should the grantor either agree to, attempt to, or actually sell, convey or assign all (or any part of the property… without first obtaining the written consent or approval of the beneficiary, then… all obligations secured by this [Trust Deed]… shall become immediately due and payable." See Claim 5, Ex. 3. Hampton Heights is therefore entitled to full payment of its claim upon any sale of any portion of its real property collateral, and no such sale may occur without Hampton Heights' express consent or full payment of its lien. The Debtor has not and cannot provide any specific details with respect to such a sale, and there are no constraints on such a sale set forth in Section 7.4 of the Plan. The Debtor has made no effort whatsoever to obtain an objective valuation of the Property, or provided any assurance that a portion of the property will not be sold at the expense and diminution of the total value of the collateral. Therefore, the Debtor must be required to either (1) obtain Hampton Heights' consent prior to any sale of the property, or (2) obtain approval from this Court, after notice and a hearing, with respect to any proposed sale of the collateral.

Page 9 – HAMPTON HEIGHTS, LLC'S OBJECTION TO CONFIRMATION OF DEBTOR'S SECOND AMENDED PLAN OF REORGANIZATION DATED FEBRUARY 14, 2018

KELL, ALTERMAN & RUNSTEIN, L.L.P.
ATTORNEYS AT LAW
520 SW YAMHILL, SUITE 600
PORTLAND, OR 97204
TELEPHONE (503) 222-3531
FACSIMILE (503) 227-2980

00505278

Case 17-41216-MJH    Doc 82    Filed 03/28/18    Ent. 03/28/18 14:56:55    Pg. 9 of 12

12. Hampton Heights joins in the City of St. Helens' objection to the extraordinarily lenient default and cure provision contained in Article 10.4 of the Plan. Hampton Heights submits that, if the Plan is confirmed over this Objection and the objections of other creditors, that the Debtor be subject to the following provision:

> "If the Debtor misses any payment as required by this plan, or upon the discovery of any other new event of default under the HH Loan Documents (in each case, a "New Default"), Hampton Heights shall be entitled to seek relief from the automatic stay and to enforce its rights and remedies as provided in the HH Loan Documents after 10 days written notice of the default(s) to the Debtor and the Debtor's legal counsel (a "New Default"). The Debtor reaffirms Hampton Heights' security interest in rents and profits as provided in the HH Loan Documents, and agrees to direct BNJ Unlimited, LLC, or any other tenant of the Property, to pay all rents to Hampton Heights upon notice of and failure to cure within 10 days a New Default. As part of the lease to BNJ Unlimited, LLC, the tenant will sign an acknowledgment of the security interest of Hampton Heights in the rents and agree to pay the rent to Hampton Heights on notice of a New Default. The Debtor further agrees to execute a deed in lieu of foreclosure upon Hampton Heights' request and at Hampton Heights' sole discretion upon notice of and failure to cure within 10 days a New Default."

## CONCLUSION

For the foregoing reasons, the Plan does not comply with the requirements of 11 U.S.C. 1129, 11 U.S.C. 1127, and is otherwise not confirmable. The Plan seeks to improperly modify the Chapter 11 plan obligations of the Debtor in the Prior Case, and is not proposed in good faith. The Plan is not feasible, and the likelihood that confirmation will be shortly followed by liquidation suggests that permitting additional administrative claims to accrue is not in the best interests of creditors. The Debtor's intent to again extend maturity dates on the hope of a partial liquidation of Hampton Heights' collateral—despite having taken little to no action toward this

/ / /

/ / /

/ / /

/ /

Page 10 – HAMPTON HEIGHTS, LLC'S OBJECTION TO CONFIRMATION OF DEBTOR'S SECOND AMENDED PLAN OF REORGANIZATION DATED FEBRUARY 14, 2018

KELL, ALTERMAN & RUNSTEIN, L.L.P.
ATTORNEYS AT LAW
520 SW YAMHILL, SUITE 600
PORTLAND, OR 97204
TELEPHONE (503) 222-3531
FACSIMILE (503) 227-2980

00505278

Case 17-41216-MJH    Doc 82    Filed 03/28/18    Ent. 03/28/18 14:56:55    Pg. 10 of 12

goal during the Prior Case or during the—does not constitute fair and equitable treatment of Hampton Heights' secured claim.

DATED: March 28, 2018

KELL, ALTERMAN & RUNSTEIN, L.L.P.

By: s/ Mathew W. Lauritsen
**Mathew W. Lauritsen**, WSBA No. 47302
Email: mlauritsen@kelrun.com
Kell, Alterman & Runstein, L.L.P.
520 SW Yamhill St., Suite 600
Portland, OR 97204
Phone: (503) 222-3531

and

**Dean N. Alterman**, WSBA No. 42326
Email: dean@alterman.law
Alterman Law Group PC
805 SW Broadway, Ste. 470
Portland, OR 97205
Phone: (503) 517-8200

Attorneys for Hampton Heights, LLC

Page 11 – HAMPTON HEIGHTS, LLC'S OBJECTION TO CONFIRMATION OF DEBTOR'S SECOND AMENDED PLAN OF REORGANIZATION DATED FEBRUARY 14, 2018

KELL, ALTERMAN & RUNSTEIN, L.L.P.
ATTORNEYS AT LAW
520 SW YAMHILL, SUITE 600
PORTLAND, OR 97204
TELEPHONE (503) 222-3531
FACSIMILE (503) 227-2980

00505278

Case 17-41216-MJH    Doc 82    Filed 03/28/18    Ent. 03/28/18 14:56:55    Pg. 11 of 12

# CERTIFICATE OF SERVICE

I hereby certify that on the date shown below, I served a true and correct copy of the foregoing HAMPTON HEIGHTS, LLC'S OBJECTION TO CONFIRMATION OF DEBTOR'S SECOND AMENDED PLAN OF REORGANIZATION DATED FEBRUARY 14, 2018 on:

All ECF Participants

Douglas P Cushing on behalf of Creditor City of St. Helens
doug.cushing@jordanramis.com, litparalegal@jordanramis.com

Nicholas J Henderson on behalf of Debtor Paul Joe
nhenderson@portlaw.com, csturgeon@portlaw.com, tsexton@portlaw.com

Kathryn E Perkins on behalf of US Trustee United States Trustee
kathryn.e.perkins@usdoj.gov, Tara.Maurer@usdoj.gov; young-mi.petteys@usdoj.gov; martha.a.vandraanen@usdoj.gov

Troy G Sexton on behalf of Debtor Paul Joe
tsexton@portlaw.com, mmyers@portlaw.com, troy-sexton-4772@ecf.pacerpro.com

United States Trustee
USTPRegion18.SE.ECF@usdoj.gov

by electronic transmission.

DATED: March 28, 2018        KELL, ALTERMAN & RUNSTEIN, L.L.P.

By: s/ Mathew W. Lauritsen
**Mathew W. Lauritsen**, WSBA No. 47302
Email: mlauritsen@kelrun.com
KELL, ALTERMAN & RUNSTEIN, L.L.P.
520 SW Yamhill St., Suite 600
Portland, OR 97204
Phone: (503) 222-3531

CERTIFICATE OF SERVICE

KELL, ALTERMAN & RUNSTEIN, L.L.P.
ATTORNEYS AT LAW
520 SW YAMHILL, SUITE 600
PORTLAND, OR 97204
TELEPHONE (503) 222-3531
FACSIMILE (503) 227-2980

00505278

Case 17-41216-MJH    Doc 82    Filed 03/28/18    Ent. 03/28/18 14:56:55    Pg. 12 of 12